United States v. Squire

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of September, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                     *Circuit Judges*.
             VALERIE CAPRONI,[1]
                     *District Judge*.

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                     *Appellee,*


            -v-                                      13-3359-cr

GEORGE SQUIRE, AKA Geo,

                     *Appellant.*

───────────────────────────────────────────

Appearing for Appellant:     Peter E. Quijano, Quijano & Ennis, P.C., New York, N.Y.

Appearing for Appellee:      Parvin Moyne, Assistant United States Attorney for the Southern
                             District of New York (Preet Bharara, United States Attorney,
                             Andrew Bauer, Karl Metzner, Assistant United States Attorneys,
                             *on the brief*), New York, N.Y.

───────────────────────

[1] The Honorable Valerie E. Caproni, United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Karas, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

George Squire appeals from a judgment of conviction and sentence entered on August 1, 2013 in the United States District Court for the Southern District of New York (Karas, *J.*) sentencing him to prison for his natural life after he pleaded guilty to causing the death of a person during the commission of a robbery while using a firearm in violation of 18 U.S.C. § 924(j)(1). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in [18 U.S.C.] § 3553(a), including the advisory Guidelines range." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). We review the district court's sentence under a "deferential abuse-of-discretion standard." *Id.* at 189 (internal quotation marks omitted). "This form of appellate scrutiny encompasses two components: procedural review and substantive review." *Id.* "A district court commits procedural error where it fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190.

In reviewing for substantive error, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190 (citation omitted). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case" but "will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks and emphasis omitted).

Squire first argues the district court committed procedural error by failing to adequately consider sentencing disparities as required by Section 3553(a)(6). We disagree. "[T]he requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is *not* synonymous with a requirement that the factor be given determinative or dispositive weight in the particular case." *United States v. Florez*, 447 F.3d 145, 157 (2d Cir. 2006)(internal citation omitted) (emphasis in the original). "Precisely because § 3553(a)(6) is only one of several factors that must be weighted and balanced by the sentencing judge, a district court's identification of disparity does not necessarily require it to adjust a sentence downward from the advisory guidelines range in order for that sentence to be reasonable, much less compel any particular reduction." *Id.* at 157-58 (internal citation and quotation marks omitted). There is no error here: the district court was obligated only to consider possible disparities in sentencing, which it plainly did.

Squire also argues that the district court committed procedural error by not considering his youth as a mitigating factor. However, the record reflects that the district court considered Squire's youth in imposing its sentence. At bottom, the district court's sentencing colloquy

demonstrates that while the court considered Squire's youth and recognized the severity of sentencing one so young to life in prison, it found that the balance of the Section 3553(a) factors favored such an outcome.  The district court was particularly troubled by Squire's prior criminal record, which placed him in category III for criminal history, and by the casually callous nature of the murder.  While undoubtedly a harsh sentence, on this record it cannot be said that "the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

We have considered the remainder of  Squire's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3